IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK STEPHENS,

                     Plaintiff,

v.                                                    OPINION and ORDER

AMERICAN FAMILY MUTUAL                        21-cv-241-jdp
INSURANCE COMPANY, S.I.,

                     Defendant.

---

       Plaintiff Mark Stephens contends that defendant American Family Mutual Insurance Company, S.I. racially discriminated and retaliated against him by creating a hostile work environment, then firing him. Stephens also brings state-law claims for malicious prosecution and abuse of process based on a lawsuit that American Family filed against him in state court that ended in a stipulated dismissal. Stephens initially filed this lawsuit in state court, but American Family removed it to this court based on Stephens's federal-law claims.

       Two motions are before the court. First, American Family moves to dismiss Stephens's state-law claims for malicious prosecution and abuse of process. Dkt. 6. The court will dismiss Stephens's malicious-prosecution claim because the lawsuit didn't terminate in Stephens's favor, which is a required element of such a claim. But Stephens has adequately pleaded a claim for abuse of process by alleging that American Family prosecuted its state-court lawsuit against him to force him to waive his racial-discrimination claims against American Family. Second, American Family moves to strike a paragraph of Stephens's complaint. Dkt. 5. The court will substantially grant the motion as explained below.

ANALYSIS

A. Motion to dismiss

Both of Stephens's challenged claims involve American Family's state-court lawsuit against him. According to Stephens's complaint, Dkt. 2-1, American Family terminated him in July 2019, then demanded by email that he return an external hard drive containing company data. A few days later, American Family sued Stephens in the Dane County Circuit Court for his failure to return the drive. The circuit court dismissed American Family's lawsuit the following year. American Family submits a copy of the dismissal order, which states that both sides stipulated to dismissal "with prejudice and without costs or fees to any party."[1] Dkt. 8-2.

The parties assume that Stephens's state-law claims are governed by Wisconsin law, so the court will do the same. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state.").

1. Malicious prosecution

Stephens contends that American Family committed the tort of malicious prosecution in its litigation of the state-court lawsuit. Under Wisconsin law, this tort has six essential elements. *See Monroe v. Chase*, 2021 WI 66, ¶ 11, — Wis. 2d —, — N.W.2d —. But the parties focus their arguments on only one: whether the state-court lawsuit was terminated in Stephens's favor.

---

[1] The court can consider the dismissal order without converting American Family's motion to dismiss into a motion for summary judgment for two reasons. First, Stephens refers to the dismissal order in his complaint and it is central to his claims, so the court may consider it under the doctrine of incorporation by reference. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Second, the court may take judicial notice of court records. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997).

In *Monroe*, the Wisconsin Supreme Court adopted comment j to § 674 of the Restatement (Second) of Torts as the standard to determine whether a prior proceeding resulted in favorable termination. 2021 WI 66, ¶ 20. Comment j states in relevant part that favorable termination may include "the withdrawal of the proceedings by the person bringing them . . . depend[ing] upon the circumstances under which the proceedings are withdrawn." Although *Monroe* was decided after the parties submitted their briefs, the court stressed that comment j was consistent with previous Wisconsin cases concerning favorable termination, including cases discussed by the parties in their briefs. So supplemental briefing is not necessary to address *Monroe*.

Under Wisconsin law, a "voluntary compromise and settlement of [a] prior suit is not a favorable termination" and thus prohibits a subsequent suit for malicious prosecution. *Thompson v. Beecham*, 72 Wis. 2d 356, 241 N.W.2d 163, 165 (1976). Applying *Thompson*'s rule, the Wisconsin Court of Appeals has held that a stipulated "dismissal with prejudice and without costs to any party" does not satisfy the favorable-prosecution requirement. *Tower Special Facilities, Inc. v. Inv. Club, Inc.*, 104 Wis. 2d 221, 311 N.W.2d 225, 228 (Ct. App. 1981).

American Family's lawsuit, like the prior lawsuit in *Tower*, was withdrawn under a stipulated dismissal without costs to either side. Stephens attempts to distinguish *Tower* by stressing the *Tower* court's statement that "[t]here was no action and consideration by the court in the original proceeding," 311 N.W.2d at 229. Stephens contends that the circumstances of the state-court suit show that he received a favorable termination because "American Family lost motion after motion and the circuit court judge's comments reflected negatively on the merits of American Family's assertions." Dkt. 9, at 8. In essence, he says that these favorable interlocutory rulings show that he would have prevailed on the merits. But as both the *Tower*

3

and *Monroe* courts stressed, the stipulated dismissal in *Tower* awarded costs to neither side, meaning that both sides agreed to forgo the opportunity to seek statutory costs and fees as the prevailing party. As the *Monroe* court noted in its summary of *Tower*, the parties' stipulated dismissal without costs was effectively "an admission that there was probable cause that the plaintiff could not afterwards retract and try the question, which by settling he waived." 2021 WI 66, ¶ 17 (internal quotation marks and alterations omitted). The same is true of the state court's dismissal of American Family's lawsuit, so the court will dismiss Stephens's claim for malicious prosecution.

Stephens requests leave to amend his complaint to describe the state-court proceedings more fully. Although a court should freely give a party leave to amend its pleading, Fed. R. Civ. P. 15(a)(2), a court is not required to give leave to amend if the amendment would be futile. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001). Under *Tower*, Stephens's proposed amendment would be futile, so the court will not give him leave to amend.

### 2. Abuse of process

Stephens also contends that American Family committed the tort of abuse of process in prosecuting its state-court lawsuit against him. This tort has two elements: "(1) a purpose other than that which the process was designed to accomplish, and (2) a subsequent misuse of the process." *Strid v. Converse*, 111 Wis. 2d 418, 331 N.W.2d 350, 355 (1983). "Because of its potential chilling effect on the right of access to the courts, the tort of abuse of process is disfavored and must be narrowly construed to ensure the individual a fair opportunity to present his or her claim." *Schmit v. Klumpyan*, 2003 WI App 107, ¶ 13, 264 Wis. 2d 414, 663 N.W.2d 331. American Family contends that Stephens's complaint fails to satisfy the second element, which requires "[s]ome definite act or threat not authorized by the process, or aimed

4

at an objective not legitimate in the use of the process," *Thompson*, 72 Wis. 2d at 362 (quoting William L. Prosser, *Law of Torts* § 121 (4th ed. 1971)).

According to Stephens's complaint, American Family demanded on July 5, 2019, that Stephens return the hard drive by July 8. Stephens replied the same day, saying that he could not return the hard drive by July 8 because he was out of town but that he "would follow up when he returned." Dkt. 2-1, ¶ 69. Despite Stephens's assurances, American Family filed suit against Stephens in state court on July 10. Even though Stephens mailed the hard drive to American Family the same day that the lawsuit was filed, American Family refused to dismiss the suit unless Stephens agreed to release American Family for liability for racial discrimination—a condition that had nothing to do with the return of the hard drive. Taking these allegations as true, as the court must on American Family's motion to dismiss, they satisfy the second element of the tort. The court will not dismiss this claim.

**B. Motion to strike**

American Family moves to strike a paragraph of Stephens's complaint that states that Stephens "incorporates here all other paragraphs in this complaint, all of his submissions before the EEOC, and all of his submissions in" the state-court lawsuit. Dkt. 2-1, ¶ 91.

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are generally disfavored, motions that seek to "remove unnecessary clutter from the case" may be granted because they "serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

American Family's motion to strike is such a motion. Although Stephens's incorporation of the previous paragraphs of his complaint is a common practice, his attempt

to incorporate all submissions from the two prior proceedings is not, and for good reason. If the submissions that Stephens seeks to incorporate contain allegations that are redundant to other allegations in his complaint, that is grounds to strike under Rule 12(f). And if the allegations are not redundant, then Stephens has failed to comply with Rule 8(a)(2)'s requirement that the complaint contain a short and plain statement of Stephens's claims. So the court will grant American Family's motion in part by striking the portion of paragraph 91 that seeks to incorporate Stephens's submissions from prior proceedings. But the court will not strike Stephens's incorporation of the other allegations in his complaint.

ORDER

IT IS ORDERED that:

1. Defendant American Family Mutual Insurance Company, S.I.'s motion to dismiss, Dkt. 6, is GRANTED in part. Plaintiff Mark Stephens's malicious-prosecution claim is DISMISSED. The remainder of American Family's motion is DENIED.

2. Stephens's request for leave to amend his complaint, Dkt. 10, is DENIED.

3. American Family's motion to strike, Dkt. 5, is GRANTED in part as described in this order. The remainder of the motion is DENIED.

Entered July 6, 2021.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge