IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

MARK STEPHENS,

    Plaintiff,

v.                                                              Case No. 21cv241

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, S.I.,

    Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT SUBMISSIONS**

This Court should deny Plaintiff's Motion for Leave to File because he has not established excusable neglect for failing to file his opposition to American Family's summary judgment motion on March 4, when due. Each of Plaintiff's counsel's reasons establish neglect, but not *excusable* neglect.

First, counsel makes a disingenuous representation regarding his trial calendar. He asserts that he could not file on time because he had a four-day jury trial (from February 28 to March 3) in a state court case, which he claims he anticipated would last only three days. However, the Wisconsin Court System Access website ("CCAP") shows that at a June 22, 2021, hearing in that case—which was attended by Attorney Sulton—the state court set the case for a "4 day Jury Trial scheduled to start on 2/28/22

at 9:00 a.m."[1] In other words, counsel knew for more than eight months that his trial was scheduled for four, not three, days. And in any event, a busy trial schedule is not excusable neglect.

Second, the fact that counsel's child was ill on March 3rd is of no import—he was scheduled to be in a trial on that day anyway.

Third, counsel fails to explain why he could not meet with Plaintiff to finalize his declaration in the 24 days prior to February 28 or on March 4, which would have allowed him to file on time.

Fourth, counsel fails to explain why he did not reach out to counsel for American Family or the Court prior to the deadline to request more time.

Finally, despite Plaintiff's assertion that this delay will not prejudice American Family and the Court—it will. Discovery ends in three months and trial is set to begin in less than five. The Court's Standing Order Governing Preliminary Pretrial Conferences provides that dispositive motions shall be filed no later than five months before trial—it is now less than five months. Additionally, Plaintiff selected the date his opposition would be due when he filed first motion for more time to respond. Relying on that date, counsel for American Family had already rearranged their other cases and schedules to ensure time to prepare and file a reply. Plaintiff's belated filing now conflicts with their rearranged schedules.

Each of these reasons is explained in greater detail below.

---

[1] https://wcca.wicourts.gov/caseDetail.html?caseNo=2018CV008456&countyNo=40&index=0#summary (Salman Declaration, ¶ 2, Exh. A.)

## BACKGROUND

American Family filed a motion for summary judgment on February 4, 2022. (Dkt. 20.) According to the Court's Preliminary Pretrial Conference Order, Plaintiff's response was due 21 days later, or on February 25, 2022. (Dkt. 13.) Two days before his opposition deadline, Plaintiff moved the Court for additional time to respond, to March 4, 2022, which American Family did not oppose. (Dkt. 31.) The Court granted Plaintiff's unopposed motion. (Dkt. 32.) On March 4, 2022, Plaintiff filed deposition transcripts only, and nothing else in opposition to the summary judgment motion. (See generally, dkt. 33-42.)  Plaintiff's counsel did not contact undersigned or file a motion for an extension of time to respond. On March 6, American Family filed its reply, advising the Court that its motion for summary judgment was unopposed. (Dkt. 43.) On March 8, Plaintiff filed his opposition to American Family's summary judgment motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 6(b) gives courts discretion to grant extensions of time when deadlines are missed because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In determining whether a missed deadline should be excused, a court considers "all relevant circumstances surrounding the party's neglect." *Bowman v. Korte,* 962 F.3d 995, 998 (7th Cir. 2020). Such circumstances include "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay,

including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see United States v. Cates,* 716 F.3d 445, 448 (7th Cir. 2013) ("*Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). Although the proffered reasons for delay are not the decisive consideration, *see United States v. Brown*, 133 F.3d 993, 997 (7th Cir. 1998) ("*Pioneer* makes clear that the standard is a balancing test, meaning that a delay might be excused even where the reasons for the delay are not particularly compelling."), in a particular case they can be "immensely persuasive" in determining whether neglect was excusable. *In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir. 2004).

## ARGUMENT

### I.   Plaintiff's Proffered Reasons Do Not Establish Excusable Neglect.

Plaintiff has not shown that his failure to timely file his summary judgment submissions was due to excusable neglect. In his motion for leave, counsel disingenuously claims that he "missed the March 4, 2022, deadline for filing" the summary judgment submissions because "Plaintiff's counsel started a jury trial" that he anticipated "would conclude by March 2 [but which] concluded on March 3." (Dkt. 44 at 1.) However, according to public records, the trial always was set to conclude on March 3, 2022. (Salman Declaration, ¶ 2, Exh. A.) Counsel provides no explanation for why he believed the trial would end a day early. Regardless, "it is widely accepted that neglect due to a busy schedule is not excusable." *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006).

Counsel also suggests the Court should grant leave because his child was ill on March 3, the day his jury trial was scheduled to end. (Dkt. 44 at 1-2.) However, Plaintiff's counsel's proffer in his motion was so vague as to be worthless. *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (denying motion for leave as counsel did not support their statements with an affidavit or declaration); *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (excusable neglect unsubstantiated where allegation of mother's illness lacked details regarding nature and duration of her care); *Buck v. USDA*, 960 F.2d 603, 608 (6th Cir. 1992) (excusable neglect unsubstantiated where allegation of counsel's sudden illness not supported by details or affidavits). And it is counsel's burden to provide the district court sufficient information to demonstrate that his inability to secure childcare was so difficult "that he could not, at a minimum, request an extension of time to file his response." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *see also Acosta v. DT & C Global Mgmt., LLC*, 874 F.3d 557, 560-61 (7th Cir. 2017) (upholding rejection of a "health problems" excuse, given the "lack of corroborating information").

Counsel also asserts that he needed the additional time so that he could confer with his client. (Dkt. 44 at 2.) But counsel does not explain why he was unable to prepare the response (or Plaintiff's declaration) in the 24 days from February 4, when American Family filed its motion, until February 28, when counsel apparently became very busy with his jury trial. *See Keeton,* 667 F.3d at 883 ("Moreover, counsel does not explain why he was unable to work on the response from March 3, when Morningstar

5

filed its motion, until April 11, when counsel apparently became very busy with other cases.").

In short, Plaintiff has failed to proffer reasons that would establish excusable neglect.

## II. Plaintiff Fails to Examine the Remaining *Pioneer* Factors, Which Do Not Weigh in His Favor.

In addition to failing to proffer reasons that would establish excusable neglect, Plaintiff also fails to examine the remaining *Pioneer* factors (despite it being Plaintiff's burden), including the danger of prejudice to American Family, the length of the delay and its potential impact on judicial proceedings, whether it was within Plaintiff's reasonable control, and whether Plaintiff acted in good faith. *Pioneer*, 507 U.S. at 395.

Plaintiff summarily concludes that the delay will not prejudice American Family. However, this delay will prejudice American Family. Because Plaintiff moved to extend the deadline once already—selecting his due date--counsel for American Family had rearranged their other cases and schedules to ensure time to prepare and file a reply. By filing the response late—and with no warning—counsel may be forced (again) to rearrange their already tight schedules.

Plaintiff's four-day delay also affects these judicial proceedings. Though Plaintiff is correct that the parties have scheduled mediation, this case still is proceeding. Discovery ends in three months and trial is in less than five. The Court directs the parties to file dispositive motions "no less than" five months before trial. And, as a result of the belated response, the parties' briefing schedule now contravenes the

6

Court's directive in the Standing Order Governing Preliminary Pretrial Conferences. These deadlines are important because "district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. Part of that job means that they are entitled—indeed they must—enforce deadlines." *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) (citations omitted). Blithely asserting that a missed deadline will not disrupt judicial proceedings ignores the fact that trial judges must coordinate multiple competing demands on their time.

As for good faith, Plaintiff already requested and received a one-week extension to file a response brief. Yet when the March 4 deadline arrived, he failed to submit his brief. He did not contact counsel or the Court over the weekend. He also failed to contact counsel and the Court the following Monday. It was not until Tuesday—four days later—that Plaintiff finally filed the motion for leave to file the belated response brief. Waiting four days to seek an extension of a missed deadline all the while failing to contact counsel does not evidence a good faith effort to cure the neglect.

Accordingly, Plaintiff failed to establish the remaining *Pioneer* factors.

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's motion for leave. To the extent the Court grants the motion, American Family respectfully requests the Court grant American Family 10 days from the Court's order to file its reply.

Dated this 9th day of March, 2022.

                                                **MICHAEL BEST & FRIEDRICH LLP**
                                                Attorneys for Defendant


                                                By: */s/Amy O. Bruchs*
                                                     Amy O. Bruchs
                                                     Tanya M. Salman

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Phone: 608.257.3501
Fax: 608.283.2275
aobruchs@michaelbest.com
tmsalman@michaelbest.com